L. Jay Pedersen – 127791
Daniel M. O'Connell – 197332
BLEDSOE, CATHCART, DIESTEL & PEDERSEN LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone: (415) 981-5411
Facsimile: (415) 981-0352

Attorneys for Defendant
WILLIAM M. WINDSOR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. JORGENSEN,<br><br>Plaintiff,<br><br>vs.<br><br>ROUND AMERICA LLC; WILLIAM M. WINDSOR d.b.a. ALCATRAZTICKETS.COM, ROUNDAMERICA.COM, ALCATRAZUS.COM, ALCATRAZTOURS.COM; RYAN WINDSOR, and DOES 1-20, inclusive,<br><br>Defendants. | No. C 07-02445 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6).]**<br><br>Date: June 20, 2007<br>Time: 10:30 a.m.<br>Courtroom: C |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 20, 2007 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom C of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, defendant William M. Windsor will move the court for an order dismissing this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted as plaintiff's complaint is time-barred.

The motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the pleadings and papers on file with the court.

Windsor posted the photograph of Plaintiff on Round America, L.L.C.'s internet website. The photograph depicts Plaintiff sitting at an information desk in the cell house on Alcatraz Island. The posting did not identify Plaintiff by name but included a caption which read, "Cellhouse Information Desk – manned by a former inmate at Alcatraz."

In or around March 2005, Plaintiff wrote to William M. Windsor and demanded that the photograph and caption be removed from the website.

On August 19, September 9, and October 6, 2005, Plaintiff, through his former-attorney, Jordan Sussman, wrote to William M. Windsor demanding the caption be corrected or retracted. Rather than correct or retract the caption, however, William M. Windsor altered the caption to read, "Cellhouse Information Desk – manned by a brain surgeon/nuclear physicist and client of Esquire Sussman."

On December 21, 2006, Plaintiff filed the instant lawsuit in the San Francisco County Superior Court.

## LEGAL ARGUMENT

**A.   A Motion to Dismiss is Proper When a Complaint is Time-Barred**

In response to a complaint, a defendant may make a motion to dismiss for failure to state a claim upon which relief can be granted. (Federal Rules of Civil Procedure Rule 12(b)(6).) A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in a complaint. (*Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395.) A Rule 12(b)(6) dismissal is proper where there is a lack of a cognizable legal theory. (*Balistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F2d 696, 699.)

In resolving a Rule 12(b)(6) motion, the court (1) construes the complaint in the light most favorable to the plaintiff; (2) accepts all well-pleaded factual allegations as true; and (3) determines whether plaintiff can prove any set of facts to support a claim that would merit relief. (*Cahill v. Liberty Mutual Insurance Company* (9th Cir. 1996) 80 F3d 336, 337-338.)

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. (*Jablon v. Dean Witter & Company* (9th Cir. 1980) 614 F2d 677, 682.)

**B.     Under California Law, There is a One-Year Statute of Limitations for Defamation**

In California, there is a one-year statute of limitations for defamation, whether libel or slander. (California Code of Civil Procedure Section 340(3).)

**C.     Under California Law, a Claim for Defamation is Governed by the Single-Publication Rule and Accrues on the Date of the First General Publication of the Allegedly Defamatory Statement**

Under California Law, defamation claims are governed by the single-publication rule. (*Shively v. Bozanich* (2003) 31 Cal.4th 1230.) Under the single-publication rule, with respect to the statute of limitations, publication generally is said to occur on the date of the first general distribution of the publication to the public. (*Id.* at 685.) Under this rule, the cause of action accrues and the period of limitations commences, regardless of when the plaintiff became aware of the publication. (*Id.*)

The single-publication rule has been codified in the Uniform Single Publication Act and adopted in California. (California Civil Code Section 3425.1, et seq.) "No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication . ..." (California Civil Code Section 3425.3.)

**D.     The Single-Publication Rule Applies to Allegedly Defamatory Statements Made on an Internet Website**

Under California law, the single-publication rule applies to allegedly defamatory statements made on an internet website. (*Long v. Walt Disney Company* (2004) 116 Cal.App.4th 868, 871-872 [applying single-publication rule to defendants' network broadcasts

and internet use of plaintiffs' likenesses]; *The Traditional Cat Association, Inc. v. Gilbreath* (2004) 118 Cal.App.4th 392, 402-404. [applying the single-publication rule to defendants' Internet postings regarding plaintiff while noting the need to protect Web publishers from almost perpetual liability for statements they make available to hundreds of millions of people who have access to the Internet is greater than the need to protect the publishers of conventional hard copy newspapers, magazines and books].)

E. **Plaintiff's Defamation and Libel Causes of Action are Time-Barred**

As noted above, Plaintiff's first and second causes of action are for Defamation – False Light and Libel, respectively. Although Plaintiff's complaint does not state when the photograph of Plaintiff was first published on Round America, L.L.C.'s website, it does state that Plaintiff discovered the photograph on the website in or about March 2005. As further noted above, Plaintiff filed this action on December 21, 2006. Thus, even if the date of Plaintiff's discovery of the photograph on Round America, L.L.C.'s website is used as the date the photograph was first published, Plaintiff's causes of action for defamation and libel are time-barred because suit was filed more than one year from date of publication.

F. **The Single-Publication Rule Applies to Claims for Libel, Slander and Any Other Tort Founded Upon Any Single Publication**

Under the single-publication rule, "No person shall have more than one cause of action for damages for libel or slander or invasion of privacy *or any other tort founded upon any single publication . ..*." (California Civil Code Section 3425.3.) (Emphasis added.)

In *Long v. Walt Disney Company* (*supra*), plaintiffs brought a defamation suit seeking damages arising from defendants' network broadcasts and internet use of plaintiffs' likenesses. The trial court granted defendants' motion for summary adjudication on the ground that plaintiffs' causes of action for violation of the right of publicity, appropriation of likenesses, and intentional infliction of emotional distress were time-barred because suit was filed more than one year after the first general distribution of the publication to the public.

Motion to Dismiss for Failure to State a Claim    5
FRCP Rule 12(b)(6)

On appeal, plaintiffs' argued their claims for violation of the right of publicity, appropriation of likenesses, and intentional infliction of emotional distress fell outside the scope of California's Uniform Single Publication Act, i.e., California Civil Code Section 3425.1, et seq. In rejecting plaintiffs' argument and affirming the trial court's granting of defendants' motion for summary adjudication, the court noted "Where the complaint is based on an offensive statement that is defamatory, plaintiffs have not been allowed to circumvent the statutory limitation [of the Uniform Single Publication Act] by proceeding on a theory other than defamation. [Citation.] California courts have held that the USPA's phrase 'any tort' means exactly that." (*Id.* at 873.)

G.  **Plaintiff's Emotional Distress and Misappropriation of Likeness Causes of Action are Time-Barred**

In this action, each of Plaintiff's claims sounds in tort and arises from William M. Windsor's posting the photograph of Plaintiff on Round America, L.L.C.'s internet website. Further, all of Plaintiff's alleged damages are the result of William M. Windsor's posting the photograph of Plaintiff on Round America, L.L.C.'s internet website. As a result, Plaintiff's claims, however styled, are governed by California's Uniform Single Publication Act and the one-year statute of limitations. Accordingly, each and all of Plaintiff's causes of action are time-barred because suit was filed more than one year from date of publication.

## CONCLUSION

The instant motion should be granted, and the action dismissed, because Plaintiff's claims are time-barred as suit was filed more than one year from the date of William M. Windsor's publication of the allegedly defamatory photograph and caption.

Dated: May 9, 2007    BLEDSOE, CATHCART, DIESTEL & PEDERSEN LLP

L. Jay Pedersen
Daniel M. O'Connell
Attorneys for Defendant
WILLIAM M. WINDSOR

L. Jay Pedersen – 127791
Daniel M. O'Connell – 197332
BLEDSOE, CATHCART, DIESTEL & PEDERSEN LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone: (415) 981-5411
Facsimile: (415) 981-0352

Attorneys for Defendant
WILLIAM M. WINDSOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. JORGENSEN,<br><br>Plaintiff,<br><br>vs.<br><br>ROUND AMERICA LLC; WILLIAM M. WINDSOR d.b.a. ALCATRAZTICKETS.COM, ROUNDAMERICA.COM, ALCATRAZUS.COM, ALCATRAZTOURS.COM; RYAN WINDSOR, and DOES 1-20, inclusive,<br><br>Defendants. | No. **C07-02445 EMC**<br><br>**[PROPOSED] ORDER RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6).]** |

The motion of defendant William M. Windsor to dismiss for failure to state a claim upon which relief can be granted came on regularly for hearing before this Court, Daniel Ray Bacon, Esq. appearing on behalf of plaintiff and Daniel M. O'Connell, Esq. appearing on behalf of defendant. After consideration of the complaint in this action and the briefs and arguments of counsel, IT IS HEREBY ORDERED that defendant's motion is GRANTED, on the grounds the complaint is time-barred, and the instant action is DISMISSED WITH PREJUDICE.

Dated: June ___, 2007

_____
Judge of the United States District Court

[Proposed] Order Re: Motion to Dismissal for Failure to State Claim FCRP Rule 12(b)(6)     1